SYDNEY COVERT AND JAMES COVERT, RESPONDENTS, *v.* MAHALA HUGHES IMPLEADED WITH ANOTHER, APPELLANT.

*Married women act — chapter* 90 *of* 1860 — *when separate estate of married woman chargeable under — debt contracted by her as his agent.*

Under section 1 of chapter 90 of 1860, providing that the property of any married woman shall not be liable for the debts of her husband, "except such debts as may have been contracted for the support of herself or her children, by her as his agent," her estate is liable for the price of goods purchased by her as his agent, which were necessary for and used in the support of herself and her children.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*H. Boardman Smith,* for appellant, Mahala Hughes.

*E. P. Hart,* for the respondents.

BOARDMAN, J. :

This appeal is taken by Mahala Hughes alone, she being the wife of John Hughes, from the judgment which charges her real estate with the payment of $496.27, originally charged by the plaintiffs to her husband, besides costs of this action.

The defendant Mahala Hughes is justly indebted to the plaintiffs for feed, etc., purchased by defendant of plaintiffs, and fed to her cattle, horses and other stock owned by her and constituting a part of her separate estate. She is also indebted to plaintiffs for insurance premium paid by them upon defendant's house, also a part of her separate estate. Both these amounts were contracted · and applied for the benefit of Mahala's separate estate. The decision at Special Term makes the amount of these items at the date of the decision, including interest, $134.87. Such decision is sustained by the evidence. Indeed, the facts are uncontradicted. This sum is part of nearly $800 originally charged by plaintiffs to the defendant John Hughes, and being for a balance of such account for which the defendants gave their joint and several promissory note, in the usual form, to the plaintiffs. Afterwards the plaintiffs sued the defendant John Hughes, upon such note, and recovered judgment for the sum due thereon, with a small balance of account which had accrued after the date of such note. Such judgment does not merge any claim which plaintiffs may have against Mahala by reason of said note, or of the indebtedness thereby secured. There might have been an extinguishment of plaintiffs' right of action upon the note after the recovery against John, if it had been a joint note only.

It is also found, by the decision at Special Term, that the sum of $300, at least, of said account of $700 or $800, was for goods purchased by the defendant Mahala as the agent for her husband, and that such goods were used for the support of herself and her children. The learned judge then holds her real estate charged with that portion of the debt so contracted for the support of herself and her children. Such conclusion is founded upon the language of the act of 1860 (chap. 90, § 1), whereby the property of a

married woman shall not be liable for her husband's debts, " except such debts as may have been contracted for the support of herself or her children, by her as his agent."

There is abundant evidence to justify the conclusion that the wife purchased of plaintiffs at least $300 in value of the goods, as the agent of her husband, and that such goods were necessary for, and used in the support of herself and her children. This brings the recovery in this respect within the strict letter of the law. But it is claimed that this provision of the statute is a palpable error, and that the legislature never intended to create such a provision. This view is sustained by the New York Superior Court. (*De Mott v. McMullen*, 8 Abb. Pr. [N. S.], 335.) In the opinion of FREEDMAN, J., the learned judge presents, with much force of reasoning, the inconsistency of such a provision in the law relating to the separate estate of married women, whereby the wife, in certain events, may be compelled to assume the duty of the husband, and support herself and family out of her separate estate. He concluded that the sentence has been changed in its meaning by the unintentional transposition of the pronouns " him·" and " her," and should read, " by him as her agent," instead of " by her as his agent."

But in the end the judge declined to adopt a construction which demands a reversal of the very words used by the legislature, doubting the power, not less than the propriety of such an act. The case is then disposed of upon other questions presented. Whatever is said in that case upon the construction of the statute was *obiter*, was not then accepted as the law of the case, and hence is not binding upon us.

Entertaining the same sense of the power and propriety of such a construction as is now contended for by the defendant Mahala, we shall abide by the plain language of the law, leaving the legislature to correct the error, if one exists. Nor do the cases cited by defendants' counsel conflict with this view. In *Smith* v. *Allen* (1 Lans., 101), the question was not presented, discussed, or decided. In *Baken* v. *Harder* (6 N. Y. S. C. [T. & C.], 440), and *Weir* v. *Groat* (11 S. C. N. Y. [4 Hun], 193), the wife did not buy as the agent of her husband. In each case she bought on her own credit, and undertook and agreed to pay for the goods so purchased.

The Special Term gave judgment for the plaintiffs for $496.27, being for such portions of the property as went to the benefit of the defendant Mahala's separate estate, and such as she bought for the support of herself and children, together with interest thereon. We have examined the principles upon which such recovery was had, and find it can be sustained. The findings embrace many other facts which have been the subject of criticism by defendants' counsel, but we do not see that such findings were material to the case as it was decided. It is not, therefore, deemed necessary to consider them upon this appeal. If the view we have taken be correct, the property of Mahala Hughes, defendant, has been properly charged with the payment of nearly $500 out of a total indebtedness, including interest, of nearly $900.

For the reasons suggested, the judgment should be affirmed, with costs.

LEARNED, P. J.:

I concur in the result of this opinion, but I am not confident that there is any error in the language of the act of 1860. The act declares that "her property shall not be liable for his (her husband's) debts, except such debts," etc. The debts excepted, therefore, by this clause, are a certain class of *his* debts. It would be idle to say that her property shall not be liable for his debts, except for certain of *her own* debts.

A debt contracted by a married woman, as her husband's agent, is *his* debt. One contracted by him, as her agent, is *her* debt.

The statute exempts her property from liability, for *his* debts, except such as were contracted for the support of herself or *her* children (not *his*), and as were not only contracted for such support, but actually through her agency. I suppose that the legislature thought it would be unjust, when a married woman should actually purchase food and clothing for herself and her children, that the creditor should not be allowed to collect the debt out of her property, because the purchases had been made (as in law it probably would be) as the agent of the husband. I think so myself.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment affirmed, with costs.